UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Ronald WASHINGTON,

              Petitioner,

- v. -

UNITED STATES of America,

              Respondent.

------------------------------------------------------------x
GERSHON, United States District Judge:

OPINION AND ORDER

Case No. 1:10-cv-03448-NG

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 2 2 2014 ★
BROOKLYN OFFICE

Petitioner Ronald Washington was convicted by a jury of one count of Hobbs Act conspiracy and six counts of robbery under the Hobbs Act, 18 U.S.C. § 1951, and his conviction was affirmed in the Court of Appeals for the Second Circuit, *United States v. Washington*, 347 Fed. App'x 704 (2d Cir. 2009). Petitioner now brings a single claim for post-conviction relief under 28 U.S.C. § 2255. He asserts that appellate counsel was constitutionally ineffective for failing to raise the claim that his trial counsel erred in failing to move to dismiss the indictment on the ground that his Sixth Amendment and statutory speedy trial rights were violated.

To succeed on his claim of ineffective assistance of counsel, petitioner must "show that counsel's representation fell below an objective standard of reasonableness," that is, that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Judicial review of counsel's performance is "highly deferential," and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. A petitioner must also establish that "the deficient performance prejudiced the defense," *id.* at 687, such that "there is a reasonable probability that,

- 1 -

but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

The Sixth Amendment entitles the defendant to a "speedy" trial. U.S. Const. amend. VI. Under the Speedy Trial Act, 18 U.S.C. §§ 3161-1374, and subject to various exclusions discussed below, the government has 70 days to bring a defendant to trial after the date of his indictment. *See id.* § 3161(c)(1). Petitioner was arraigned on the original indictment on June 23, 2006. A superseding indictment was filed on November 16, 2006, and he was arraigned on that indictment on November 22, 2006. The trial began on March 26, 2007. The question presented here is whether certain periods of time treated as excluded and certain continuances granted by the court were proper.

On July 21, 2006, at the first status conference, the court directed the government to advise the court as to the number of days that had run on the speedy trial clock. In a letter dated August 3, 2006, the government informed the court that the parties were in agreement that 28 days had elapsed, without time being excluded, between the arraignment on June 23, 2006 before a magistrate judge and the conference on July 21, 2006. At that conference, the time between July 21, 2006 and the next scheduled conference, on August 4, 2006, was excluded in the interests of justice, based upon the facts that, as defense counsel acknowledged, he had mistakenly led the government to believe that he would be requesting more time for plea discussions, that there was extensive motion practice in the offing, that a superseding indictment was anticipated, and that, since the defendant was in custody on New York State charges, there was no significant prejudice in putting the case over for two weeks. *See* Status Conf. Tr. at 10-11 & Minute Entry, *United States v. Washington*, No. 05-cr-558 (E.D.N.Y. July 21, 2006).

At the August 4, 2006 conference, the parties agreed that there were 42 days remaining on the speedy trial clock. The scheduling of a variety of motions was set, with defense motions to suppress to be filed by August 22, 2006.[1] Time was excluded under the Speedy Trial Act until the next scheduled conference date of October 19, 2006, to allow counsel to brief various motions, including not only the defense motions to suppress but also anticipated motions relating to Federal Rules of Evidence 404(b) and 609. On that date, the court was to rule on the various motions.[2] The trial was scheduled for December 4, 2006.

In the meantime, defense counsel had filed a motion, on October 13, 2006, to dismiss the indictment for pre-indictment delay. On October 17, 2006, the court granted an extension of time to the government to file answering papers to two pending motions—the pre-indictment delay motion and a motion to preclude evidence of uncharged crimes—with the consent of the defense, which was given time to reply. At the parties' joint request, the court also rescheduled the next conference for November 2, 2006.

The motion to dismiss was denied on October 27, 2006. Other motions, including the motion to suppress, which had been referred to Magistrate Judge Robert Levy, were still pending. Judge Levy's Report and Recommendation recommending denial of the suppression motion was entered on November 3, 2006. Objections to the Report and Recommendation were filed on November 12, 2006, and the court adopted the Report and Recommendation and denied the motion to suppress on November 17, 2006.

At the status conference on November 2, 2006, the parties indicated that plea discussions had begun and agreed to an exclusion of time until November 22, 2006 to determine whether

---

[1] These motions were, in fact, made on that date.
[2] On consent of all counsel, some brief periods of time were granted to defense counsel (one day) and the government (six days) for the briefing of the pretrial motions. *See* Ltrs. of AUSA Abenson, dated October 3 and 10, 2006.

there would be a plea or a superseding indictment. Ultimately, there was no plea of guilty and, as noted above, a superseding indictment was filed on November 16, 2006. Petitioner argues that the superseding indictment was a "ruse" meant to avoid Speedy Trial requirements. On the contrary, the superseding indictment significantly enhanced the charges and potential proof against him, as his counsel recognized in a November 19, 2006 letter requesting a continuance under 18 U.S.C. § 3161(h)(7).[3] Mot. to Continue Trial at 1, *Washington*, No. 05-cr-558, Dkt. No. 29 (E.D.N.Y. Nov. 19, 2006).[4] At the defendant's request, based upon the need for additional trial preparation, the trial was postponed until March 26, 2007. *See* Status Conf. Tr. & Minute Entry, *Washington*, No. 05-cr-558 (E.D.N.Y. Nov. 22, 2006).

In sum, at the time the trial started, there were 42 days remaining on the speedy trial clock.

To begin with, petitioner's claim that each continuance required his consent is incorrect. An attorney may seek, or consent to, a continuance without his client's consent. *United States v. Lynch*, 726 F. 3d 346, 356 (2d Cir. 2013); *see also* 18 U.S.C. § 3161(h)(7)(A) (providing that a continuance may be granted "at the request of the defendant *or* his counsel") (emphasis added).

As to the substance of the challenged exclusions and continuances, the Speedy Trial Act excludes periods of delay resulting from the making and prompt disposition of motions. *See* 18 U.S.C. § 3161(h)(1)(D); *United States v. Tinklenberg*, --- U.S. ----, 131 S.Ct. 2007, 2012 (2011). And, under section 3161(h)(7), time is properly excluded in the "ends of justice" based on other

---

[3] At the time of petitioner's indictment and trial, the provisions for exclusions of time in the interests of justice were codified at 18 U.S.C. § 3161(h)(8). This subsection was renumbered to 18 U.S.C. § 3161(h)(7) by the Judicial Administration and Technical Amendments Act of 2008, Pub. L. No. 110-406, § 13, 122 Stat. 4291, 4294 (2008). For purposes of simplicity, this discussion refers to the numbering scheme used in the current version of the statute.

[4] Defense counsel's letter also recites that petitioner agreed with counsel that additional preparation time was necessary. *See id.* at 2.

factors, including defense counsel's need for additional time to prepare pre-trial motions and to allow plea negotiations to take place. *See* 18 U.S.C. § 3161(h)(7)(A), (B) (2008). It is clear from all of the proceedings that the court was aware of the importance of bringing the case to trial as quickly as possible. *See, e.g., United States v. Breen*, 243 F.3d 591, 596-97 (2d Cir. 2001), *cert denied*, 534 U.S. 894. Moreover, all of the continuances granted in this case fall squarely within the grounds for continuance authorized by the Speedy Trial Act. *See, e.g., United States v. Dohou*, 382 F. App'x 32, 34 (2d Cir. 2010) (finding that time was properly excluded for plea negotiations to take place); *United States v. Matsushita*, 794 F.2d 46, 50-51 (2d Cir. 1986) (finding that time was properly excluded for the preparation of pre-trial motions).

Petitioner correctly notes that the court did not expressly state the rubric "ends of justice" in granting the continuances; however, it is clear from the record that the court addressed the issues of importance to such continuances and appreciated the need for a speedy trial, even offering to look for a different judge to try the case if counsel's and the court's schedules were incompatible—an offer petitioner's counsel rejected. *See* May 4, 2007 Status Conf. Tr., attached as Ex. 7 to Gov't's Response, No. 10-cv-3448, Dkt. No. 12 (E.D.N.Y. May 31, 2011). And, had a motion to dismiss on speedy trial grounds been made, it would not have been granted. Rather, the court assuredly would have placed on the record the express finding that the ends of justice served by the granting of each continuance outweighed the best interests of the public and the defendant in a speedy trial, as required by 18 U.S.C. § 3161(h)(7)(A). *See Zedner*, 547 U.S. at 506-07; *see also Breen*, 243 F.3d at 596-97. Under these circumstances, the challenge to the effectiveness of counsel is without merit.

Finally, there is no basis for concluding that the delay violated the defendant's right to a speedy trial under the Sixth Amendment. *See, e.g., United States v. Ghailani*, 733 F.3d 29, 44 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 1523 (2014).

Since a motion to dismiss, with or even without prejudice, would not have been successful, the challenge to the effectiveness of appellate counsel, for not raising a claim as to trial counsel's failure to move to dismiss on speedy trial grounds, is without merit. Petitioner can show neither unprofessional conduct nor prejudice.

## CONCLUSION

For the reasons stated above, the undisputed facts conclusively show that Washington is entitled to no relief and the petition is summarily DENIED. Because petitioner has not "made a substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253.

SO ORDERED.

/S/ Judge Nina Gershon
_____
**NINA GERSHON**
**United States District Judge**

**Dated: May 20, 2014**
**Brooklyn, New York**